**UNITED STATES of America ex rel. VUITTON ET FILS S. A., Plaintiff,**

v.

**Cheryl McNALLY, Defendant,**

and

**James Austin, "John Doe" and "Richard Roe", Alleged Contemnors.**

No. 80 C 3430.

United States District Court, E. D. New York.

June 8, 1981.

J. Joseph Bainton, New York City, for United States and Vuitton et Fils S.A.

George A. Farkas, Brooklyn, N.Y., for James Austin.

Federal Defender Services Unit (Thomas Concannon, and Richard B. Lind, Brooklyn, N.Y., of counsel), for "John Doe", real name Salin Marjaui.

## ORDER

NICKERSON, District Judge.

The alleged contemnors James Austin and "John Doe" (whose real name is Salin Marjaui) are charged with civil and criminal contempt for allegedly violating this court's preliminary injunction order of January 14, 1981 by selling counterfeit Vuitton merchandise. On April 6, 1981 this court appointed J. Joseph Bainton to prosecute the alleged contemnors for criminal contempt. Austin and Marjaui now apply to revoke that appointment.

"Civil contempt exists to recompense a private party for a loss occasioned by the failure of another to comply with a court order." *Ramos Colon v. United States Attorney for the District of Puerto Rico*, 576 F.2d 1, 4–5 (1st Cir. 1978). Criminal contempt, on the other hand, exists to punish persons for affronting the dignity of the court. *Id.* at 5. Thus, the two types of contempt uphold two different types of interests. Civil contempt upholds the interests of private litigants in enforcing court orders, and criminal contempt upholds the interests of the public in vindicating the dignity of the court.

A judge may use the attorney of a party to prosecute a criminal contempt. *McCann v. New York Stock Exchange*, 80 F.2d 211, 214 (2d Cir. 1935), *cert. denied*, 299 U.S. 603, 57 S.Ct. 233, 81 L.Ed. 444 (1936). This court has concluded that such a practice should not be followed in this case.

As attorney for Vuitton, Bainton is primarily obligated, within the bounds of the law, to exercise his professional judgment for the benefit of his client. Code of Professional Responsibility, E.C. 5–1 (1978). There is little doubt that Vuitton's interest in this criminal contempt proceeding is to see the alleged contemnors convicted and punished. Bainton has not acted improperly in any way or been unfaithful to his duties as an officer of the court. However, in a case such as this where the alleged contemnors were not parties to the action in which the order allegedly violated was entered and where the alleged contemnors do not appear to have had extensive experience in civil litigation, the court deems it wise that the matter be pursued by the United States Attorney who is charged with wider responsibilities than a private attorney.

This does not mean it is unwise in every case to appoint the attorney of a party to prosecute a criminal contempt. Indeed, such an appointment may be wholly appropriate where the alleged contemnor was intimately involved and represented by counsel in the litigation in which the order said to have been violated was entered. *See Musidor v. Scorpio Screens*, 78 Civ. 1273 (E.D.N.Y. February 5, 1981).

The alleged contemnors' motion to revoke this court's appointment of J. Joseph Bainton to prosecute the action for criminal contempt is granted and the United States Attorney is requested to assume responsibility for its prosecution. So ordered.